**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **THOMAS S. SCHEAFER,** | § § § | |
| **Plaintiff,** | § § | **CIVIL ACTION NO.  6:20-CV-00066-JCB-JDL** |
| **v.** | § § | |
| **EDWARD SLOAN AND ASSOCIATES, INC.,** | § § § § | |
| **Defendant.** | § | |

## ORDER

Before the court is Defendant Edward Sloan and Associates, Inc.'s ("Defendant") motion (Doc. No. 13) to set aside the Clerk's entry of default (Doc. No. 9). Plaintiff Thomas S. Scheafer ("Plaintiff") filed his original complaint on February 12, 2020, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"); the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"); and the Texas Finance Code § 392.001, *et seq*. ("TDCA") (Doc. No. 1.)  Defendant was served on February 19, 2020 (Doc. No. 6), and an answer or responsive pleading was therefore due on March 11, 2020. Fed.R.Civ.P. 12(a)(1)(A).

Defendant made no appearance in the action and did not answer or otherwise respond to Plaintiff's complaint or ask for an extension of time. Therefore, Plaintiff requested a Clerk's Entry of Default against Defendant (Doc. No. 8) and the Clerk entered default on March 25, 2020. (Doc. No. 9.) Thereafter, Plaintiff filed a motion seeking default judgment against Defendant. (Doc. No. 11.) Counsel for Defendant entered an appearance (Doc. No. 12) and filed the instant motion on May 21, 2020 (Doc. No. 13). The motion is unopposed. (Doc. No. 13 at ¶ 7.)

The Court may set aside an entry of default for good cause. Fed.R.Civ.P. 55(c). In determining whether good cause exists to set aside an entry of default against Defendants, the Court considers three non-exclusive factors: (1) whether the default was willful; (2) whether setting aside the default would prejudice the plaintiff; and (3) whether Defendants present a meritorious defense. *Koerner v. CMR Construction & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)). Defaults are generally disfavored and the Court should grant relief "[u]nless it appears that no injustice results from the default." *Mason & Hanger-Silas Mason Co. v. Metal Trades Council of Amarillo, Tex. & Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984); *In re OCA, Inc.*, 551 F.3d 359, 370–71 (5th Cir. 2008). The Court may also consider whether the defendant "acted expeditiously to correct the default." *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992).

Here, the Court finds that good cause exists to set aside the entry of default against Defendant. Defendant attests that its default was not willful; the unprecedented COVID-19 pandemic caused a delay in retaining counsel, leading to Defendant's failure to timely make an appearance in this action. (Doc. No. 13 at ¶ 5.) Defendant states that if the Court grants its motion, it will file an answer to Plaintiff's complaint within two days. *Id.* at ¶ 6. Further, setting aside the default would not prejudice Plaintiff in this action. "There is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case.'" *Lacy*, 227 F.3d at 293 (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)). Plaintiff is also unopposed to Defendant's motion. (Doc. No. 13 at ¶ 7.)

Even in the absence of willful default or unfair prejudice to the plaintiff, "a district court may have the discretion not to upset a default judgment if the defendant fails to present a

meritorious defense." *Lacy*, 227 F.3d at 293. Here, Defendants present a meritorious defense—a delay in retaining counsel due to the widespread effects of the COVID-19 global pandemic. (Doc. No. 13 at ¶ 5.) The Court is cognizant of the unprecedented nature of the COVID-19 crisis and its far-reaching effects on both private citizens and public entities. Considering Defendants' motion (Doc. No. 13) in light of the factors enumerated above, the Court finds good cause to set aside the clerk's entry of default (Doc. No. 9) against Defendant. It is therefore **ORDERED** that Defendant's motion (Doc. No. 13) is **GRANTED** and the clerk's entry of default against Defendant Edward Sloan and Associates, Inc. (Doc. No. 9) is **STRICKEN**. Defendant is permitted to file its answer with the Court. It is **FURTHER ORDERED** that Plaintiff's motion for default judgment (Doc. No. 11) is **DENIED AS MOOT.**

**So ORDERED and SIGNED this 21st day of May, 2020.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE