IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| THOMAS S. SCHEAFER, | § | |
| Plaintiff, | § | |
| v. | § | CASE NO. 6:20-cv-00066 |
| EDWARD SLOAN AND ASSOCIATES, INC. | § | |
| Defendant. | § | |

## DEFENDANT'S EDWARD SLOAN AND ASSOCIATES, INC.'S

## ANSWER TO PLAINTIFF'S COMPLAINT

Now comes Edward Sloan and Associates, Inc. ("Defendant"), by and through undersigned counsel, and for its Answer to Plaintiff Thomas S. Scheafer, ("Plaintiff") Complaint ("Complaint"), states as follows:

### NATURE OF THE ACTION

1. Defendant admits that Plaintiff sues for the allegations made in Paragraph 1 of Plaintiff's Complaint but otherwise denies those allegations.

### JURISDICTION AND VENUE

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

### PARTIES

4. Defendant admits that venue appears to be proper as alleged in Paragraph 4 of Plaintiff' Complaint.

5. Defendant admits that Plaintiff is a natural person and upon information and belief, Defendant admits to the remaining allegations made in Paragraph 5 of Plaintiff's Complaint.

6. No response is required to the allegations contained in Paragraph 6 of Plaintiff's Complaint as they are statements of law.

7. No response required to the allegations contained in Paragraph 7 of Plaintiff's Complaint as they are statements of law.

8. No response required to the allegations contained in Paragraph 8 of Plaintiff's Complaint as they are statements of law.

9. Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. No response is required to the allegation set forth in Paragraph 11 of Plaintiff's Complaint as it is a statement of law.  However, Defendant admits that its principal business purpose is the collection of overdue debts for others.

12. No response is required to the allegation set forth in Paragraph 12 of Plaintiff's Complaint as it is a statement of law.  However, Defendant admits that its principal business purpose is the collection of overdue debts for others.

13. No response is required to the allegation set forth in Paragraph 12 of Plaintiff's Complaint as it is a statement of law.

14. No response is required to the allegations set forth in Paragraph 14 of Plaintiff's Complaint as it is a statement of law.

### FACTUAL ALLEGATIONS

15. Defendant is unable to either admit or deny the allegations made in Paragraph 15 of Plaintiff's Complaint due to lack of knowledge or information at this time; therefore, denied.

16. Defendant is unable to either admit or deny the allegations made in Paragraph 16 of Plaintiff's Complaint due to lack of knowledge or information at this time; therefore, denied.

17. Defendant is unable to either admit or deny the allegations made in Paragraph 18 of Plaintiff's Complaint due to lack of knowledge or information at this time.

18. Defendant is unable to either admit or deny the allegations made in Paragraph 18 of Plaintiff's Complaint due to lack of knowledge or information at this time.

19. Defendant is unable to either admit or deny the allegations made in Paragraph 19 of Plaintiff's Complaint due to lack of knowledge or information at this time.

20. Upon information and belief, Defendant admits the allegations set forth in Paragraph 20 of Plaintiff's Complaint.

21. Upon information and belief, Defendant admits the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22. Defendant admits that it was retained to collect overdue medical bills unpaid by the Plaintiff; otherwise, Defendant denies the remaining allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23. No response is required to the allegation set forth in Paragraph 23 of Plaintiff's Complaint as it is a statement of law.

24. No response is required to the allegations set forth in Paragraph 24 of Plaintiff's Complaint as they are a statement of law.

25. Defendant admits that it spoke to Mr. Scheafer four times about his medical bills but otherwise denies the allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26. Upon information and belief Defendant admits that it spoke with Plaintiff four times over the phone but otherwise denies the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27. Defendant admits that it spoke with Plaintiff four times on the phone but otherwise denies the allegations set forth in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations set forth in Paragraph 30 of Plaintiff's Complaint.

31. Upon information and belief, Defendant admits the allegations set forth in Paragraph 31 of Plaintiff's Complaint.

32. Defendant admits that it may have left messages but denies the remainder of the allegations set forth in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of Plaintiff's Complaint.

34. Defendant admits the allegations set forth in Paragraph 34 of Plaintiff's Complaint.

35. Defendant admits the allegations set forth in Paragraph 35 of Plaintiff's Complaint.

36. Defendant admits to the allegations set forth in Paragraph 36 of Plaintiff's Complaint.

37. Defendant denies the allegations set forth in Paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of Plaintiff's Complaint.

39. Defendant admits that Plaintiff has retained counsel but otherwise denies the allegations made in Paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations set forth in Paragraph 40 of Plaintiff's Complaint.

41. No response required to the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. No response required to the allegations contained in Paragraph 42 of Plaintiff's Complaint as they are a statement of law.

43. Defendant denies the allegations set forth in Paragraph 43 of Plaintiff's Complaint.

44. Defendant denies the allegations set forth in Paragraph 44 of Plaintiff's Complaint.

45. Defendant denies the allegations set forth in Paragraph 45 of Plaintiff's Complaint.

46. No response is required to the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendant denies the allegations set forth in Paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegations set forth in Paragraph 48 of Plaintiff's Complaint.

49. No response is required to the allegations contained in Paragraph 49 of Plaintiff's Complaint as they are a statement of law.

50. No response is required to the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendant denies the allegations set forth in Paragraph 51 of Plaintiff's Complaint.

52. Defendant denies the allegations set forth in Paragraph 52 of Plaintiff's Complaint.

53. Defendant denies the allegations set forth in Paragraph 53 of Plaintiff's Complaint.

54. Defendant denies the allegations set forth in Paragraph 54 of Plaintiff's Complaint.

55. Defendant denies the allegations set forth in Paragraph 55 of Plaintiff's Complaint.

56. No response is required to the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Defendant denies the allegations set forth in Paragraph 57 of Plaintiff's Complaint.

58. Defendant denies the allegations set forth in Paragraph 58 of Plaintiff's Complaint.

59. No response is required to the allegations contained in Paragraph 59 of Plaintiff's Complaint

60. No response is required to the allegations contained in Paragraph 60 of Plaintiff's Complaint as they are statements of law.

61. Defendant denies the allegations set forth in Paragraph 61 of Plaintiff's Complaint.

62. Defendant denies the allegations set forth in Paragraph 62 of Plaintiff's Complaint.

63. Defendant denies the allegations set forth in Paragraph 63 of Plaintiff's Complaint.

64. No response is required to the allegations contained in Paragraph 64 of Plaintiff's Complaint as they are a statement of law.

## AFFIRMATIVE DEFENSES

65. Defendant affirmatively alleges, in the alternative, that Plaintiff may have failed to state a claim upon which relief can be granted.

66. Defendant affirmatively alleges, in the alternative, that Plaintiff may lack standing to bring one or more of the claims alleged in the Complaint because Plaintiff has not suffered an alleged concrete and particularized injury.

67. Defendant affirmatively alleges, in the alternative, that the claims alleged in Plaintiff's Complaint may be barred by the statute of limitations.

68. Defendant affirmatively alleges, in the alternative, that any violation of law by Defendant, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

69. Defendant affirmatively alleges, in the alternative, that it acted in good faith at all times and acted in good faith reliance on the information provided to it by the creditor of the account.

70. Defendant affirmatively alleges, in the alternative, that claims alleged in Plaintiff's Complaint may be barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

71. Defendant affirmatively alleges, in the alternative, that Defendant did not may any false or misleading representations to Plaintiff or anyone else.

72. Defendant affirmatively alleges, in the alternative, that Plaintiff did not rely on any alleged false or misleading misrepresentations.

73. Defendant affirmatively alleges, in the alternative, that any alleged false or misleading representations which are specifically denied, were not material.

74. Defendant affirmatively alleges, in the alternative, that Defendant did not commit any unfair, deceptive, or unconscionable acts.

75. Defendant affirmatively alleges, in the alternative, that Plaintiff has suffered no Compensable damages as a result of any actions taken by Defendant.

76. Defendant reserves the right to assert any additional affirmative defenses that may may be revealed during the course of discovery.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint at Plaintiff's cost, and that Defendant be awarded its reasonable attorneys' fees and costs as provided for under applicable law.

Dated:  May 26,2020

Respectfully submitted:

By: *//s// Keith Wier*
Keith Wier; SBN: 21436100
MauriceWutscher, LLP
5851 Legacy Circle, Ste. 600
Plano, Texas 75024
(469) 626-5185-Office
(972) 767-4246-Telecopier

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was delivered via e-mail on this the 26th day of May ,2020 to the following:

Joseph S. Davidson
Mohammed O. Badwan
Joseph Davidson
Sulaiman Law Group, Ltd
2500 South Highland Avenue, Ste. 200
Lombard, Illinois, 60148
630-675-8181-Telephone
jdavidson@sulaimanlaw.com

*/s/Keith Wier*
Keith Wier
